IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

RICK ATKINS and KAROLE ATKINS,
Individually and as Next of Kin to Decedent,
Thomas Atkins,

      Plaintiffs,

v.                                          No. 1:21-cv-01154-JDB-jay

CORECIVIC, INC., *et al.*,

      Defendants.

_____

ORDER GRANTING DEFENDANT HARDEMAN COUNTY'S MOTION TO DISMISS,
DENYING REQUEST TO AMEND COMPLAINT, AND DISMISSING CASE IN ITS
ENTIRETY
_____

*INTRODUCTION AND PROCEDURAL BACKGROUND*

This matter was initially brought in the United States District Court for the Middle District of Tennessee by the Plaintiffs, Rick Atkins and Karole Atkins, individually and as next of kin to decedent Thomas Atkins, against the named Defendants, CoreCivic, Inc. ("CoreCivic"), a private prison operator; Sam Rogers, individually and in his official capacity as warden of Whiteville Correctional Facility ("WCF"); and Hardeman County, Tennessee (the "County"), in which WCF is located. (Docket Entry ("D.E.") 1.) The complaint, which arose from the death of Thomas Atkins, Rick and Karole Atkins' adopted son, during his incarceration at WCF, alleged violation of the Eighth Amendment pursuant to 42 U.S.C. § 1983, as well as state claims for wrongful death, premises liability, negligence, gross negligence, and assault. An amended complaint filed February 10, 2021, named Atkins' killer, Randy Chapman, as an additional Defendant. (D.E. 9.) The suit also included a John Doe Defendant identified as a WCF inmate called "Hunt."

On April 19, 2021, CoreCivic and Rogers moved to dismiss the Atkins' claims or, in the alternative, to transfer venue to this district.  (D.E. 21.)  In a memorandum opinion issued October 12, 2021, United States District Judge Aleta A. Trauger granted the motion as to the federal claims against the movants and transferred the case to this district.  (D.E. 28.)  At the time of transfer, the claims remaining in this matter included a federal § 1983 claim against the County and the supplemental state claims.  On October 19, 2021, the County filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure in this Court.  (D.E. 35.)  As the briefing has closed, the motion is ripe for disposition.[1]

## FACTS ALLEGED

According to the complaint, as amended, Thomas Atkins entered the custody of WCF in late 2019.  On February 9, 2020, Hunt entered his cell, threatened him with a knife, and instructed his cellmate to leave.  Hunt then proceeded to rape Atkins in his cell.  Atkins was transferred to a holding cell, where his new cellmate began "roughing him up and fighting" him.  (D.E. 9 ¶ 50.)  Although Atkins requested transfer to protective custody, the request was either ignored or denied.  In the early morning hours of February 19, 2020, he was found dead in his cell with cloth ligatures tied around his hands, feet, and neck, and broken bones, blunt force injuries, and lacerations to his body, head, and extremities.  The cause of death was determined to be strangulation.

## STANDARD OF REVIEW

Rule 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In ruling on such a motion, a court is to "view the complaint

---

[1]In their response to the instant motion, Plaintiffs request a hearing.  Under the local rules of this district, if counsel desires a hearing on a motion pending before the Court, he must so request and "*explain why a hearing would be helpful or necessary.*"  LR 7.2(d) (emphasis added).  As Plaintiffs' counsel has offered no reason whatever why a hearing would be either helpful or necessary, the request is DENIED.

in the light most favorable to the plaintiff, accept all well-pleaded factual allegations as true, and look to see whether the complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ammex, Inc. v. McDowell*, 24 F.4th 1072, 1079 (6th Cir. 2022) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### ARGUMENTS OF THE PARTIES AND ANALYSIS

Section 1983 Claim.

As previously noted, Plaintiffs have brought an Eighth Amendment claim against the County pursuant to § 1983. The statute imposes liability upon persons who, under color of state law, "subject[], or cause[] to be subjected, any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . . .." 42 U.S.C. § 1983. It "does not confer substantive rights; rather, it is only a means to vindicate rights already conferred by the Constitution or laws of the United States." *Burgess v. Fischer*, 735 F.3d 462, 472 (6th Cir. 2013). In order to state a claim under § 1983, a plaintiff must "identify a right secured by the United States Constitution and the deprivation of that right by a person acting under color of law." *AirTrans, Inc. v. Mead*, 389 F.3d 594, 598 (6th Cir. 2004) (per curiam) (quoting *Watkins v. City of Southfield*, 221 F.3d 883, 887 (6th Cir. 2000)) (ellipses omitted).

A municipality such as the County is a "person" for purposes of § 1983 and, therefore, "can be held liable for constitutional injuries for which it is responsible." *See Greene v. Crawford Cty., Mich.*, 22 F.4th 593, 616 (6th Cir. 2022). Liability imposed upon such an entity may not rest on a theory of *respondeat superior, id.*, but must stem from a "policy" or "custom" that led to a violation of an individual's rights, *Dibrell v. City of Knoxville, Tenn.*, 984 F.3d 1156, 1165 (6th Cir. 2021).

3

The required policy or custom may take various forms. *See Gambrel v. Knox Cty., Ky.*, 25 F.4th 391, 408 (6th Cir. 2022). One method for establishing a policy or custom, and the one upon which Plaintiffs rely, is based on a theory of inaction. The theory requires a plaintiff to prove

> (1) a clear and persistent pattern of unconstitutional conduct by [the municipality]; (2) the municipality's notice or constructive notice of the unconstitutional conduct; (3) the municipality's tacit approval of the unconstitutional conduct, such that its deliberate indifference in its failure to act can be said to amount to an official policy of inaction; and (4) that the policy of inaction was the moving force of the constitutional deprivation.

*Griffith V. Franklin Cty., Ky.*, 975 F.3d 554, 582-83 (6th Cir. 2020) (quoting *Winkler v. Madison Cty.*, 893 F.3d 877, 902 (6th Cir. 2018)) (brackets and internal quotation marks omitted), *reh'g en banc denied* (Jan. 15, 2021). It is the position of the County that Plaintiffs have failed to sufficiently allege the elements of a municipal liability claim based upon inaction.[2]

In so arguing, the County focuses on the fourth element, which requires the plaintiff to "demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Ford v. Cty. of Grand Traverse*, 535 F.3d 483, 497 (6th Cir. 2008) (quoting *Bd. of Cty. Comm'rs of Bryan Cty., Okla. v. Brown*, 520 U.S. 397, 404 (1997)). Stated differently, municipal liability will not lie unless the plaintiff "identif[ies] the policy, connect[s] the policy to the [municipality] itself and show[s] that the particular injury was incurred because of the execution of that policy." *Jackson v. City of Cleveland*, 925 F.3d 793, 829 (6th Cir. 2019) (quoting *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)), *cert. denied*, 140 S. Ct. 855 (2020).

The amended complaint averred that the County continued to renew CoreCivic's contract to operate WCF despite 2017 and 2019 reports from state auditors of poor recordkeeping, understaffing, high correctional officer turnover, and failure to timely report sexual abuse

---

[2]The County does not assert that Plaintiffs have failed to state a claim as to the constitutional violation element of the § 1983 claim.

allegations at the prison.  Plaintiffs complained that the policy or custom of contract renewal in the face of these problems, which were not unique throughout the web of CoreCivic locations nationwide, along with statistics reflecting that CoreCivic facilities were more violent that state-run prisons, violated inmates' Eighth Amendment rights to be free from cruel and unusual punishment and was the moving force behind the constitutional deprivations suffered by Thomas Atkins.

In her order dismissing the § 1983 municipal liability claim against CoreCivic, Judge Trauger found that Plaintiffs failed to allege facts suggesting that any deliberate indifference on its part with respect to understaffing and increased violence at its facilities that might have arisen therefrom caused or contributed to Thomas Atkins' death.  Thus, she concluded, "even if the court assumes as a factual matter that CoreCivic has adopted a policy of understaffing its facilities, the plaintiffs have not alleged facts that, if true, would establish that the injuries in this case were caused by that or any other purported policy."  (D.E. 28 at PageID 120.)

The same can be said here.  That is, even assuming the County had a policy or custom of renewing CoreCivic's contract despite its operational shortcomings, Plaintiffs have alleged no facts that, if true, would demonstrate that Thomas Atkins' injuries and death were caused by the policy.  Accordingly, the County's motion to dismiss Plaintiffs' § 1983 claim is GRANTED.

<u>Plaintiffs' Alternative Request to Amend Their Complaint.</u>

In their response to the motion to dismiss, Plaintiffs request that, if the Court grants the County's motion to dismiss, they be permitted leave to amend the complaint.  However, a party's request to amend its complaint contained in its response to the opposing party's motion to dismiss does not constitute a proper motion to amend under Fed. R. Civ. P. 15(a).  *See Kale v. Procollect,*

*Inc.*, 547 F. Supp. 3d 793, 798 (W.D. Tenn. 2021).  Plaintiffs' request to file an amended complaint is DENIED.

<u>Supplemental State Claims.</u>

The decisions of Judge Trauger and the undersigned leave pending only those claims brought under state law, over which this Court has supplemental jurisdiction.  Under 28 U.S.C. § 1367(c), "district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."  Courts in this circuit have noted that, "when a federal court dismisses all pending federal claims before trial, . . . it is usually best to allow the state courts to decide state issues."  *Kowall v. Benson*, 18 F.4th 542, 549 (6th Cir. 2021), *petition for cert. docketed* (U.S. Feb. 1, 2022) (No. 21A382); *see also Southard v. Newcomb Oil Co., LLC*, 7 F.4th 451, 455 (6th Cir. 2021) ("Once a federal court no longer has federal claims to resolve, it should not ordinarily reach the plaintiff's state-law claims."); *Royal Truck & Trailer Sales & Serv., Inc. v. Kraft*, 974 F.3d 756, 763 (6th Cir. 2020) (noting the "settled rule that when a district court dismisses all claims over which it has original jurisdiction . . ., it may also dismiss any state-law claims before it based on supplemental jurisdiction"), *cert. denied*, 141 S. Ct. 2753 (2021).  As the federal claims in this matter have been resolved, the Plaintiffs' state law claims are hereby DISMISSED without prejudice to their ability to bring those claims in the state courts.

*CONCLUSION*

For the reasons articulated herein, the County's motion to dismiss Plaintiffs' complaint is GRANTED and this matter is DISMISSED.  Dismissal of the state law claims is without prejudice.  The Plaintiffs' request for permission to amend the complaint is DENIED.  The Clerk is DIRECTED to enter judgment for the County.

IT IS SO ORDERED this 17th day of March 2022.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE